UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HUFFMASTER CRISIS RESPONSE L.L.C.**, a
Michigan limited liability company; and
**ALTERNATIVE WORKFORCE, INC.**, an
Ohio corporation,

        Plaintiffs,

vs.

**REXAM DSI, INC.**, a foreign corporation,

        Defendant,

**00-74787**

Case No.: 00-                              -CK
HON.   ROBERT H. CLELAND

MAGISTRATE JUDGE CAPEL

**WILLIAM H. HORTON** (P31567)
Attorney for Plaintiffs
COX, HODGMAN, GIARMARCO, P.C.
Fifth Floor Columbia Center
201 W. Big Beaver Road
Troy, Michigan 48084-4160
☎(248) 528-2200

FILED '00 OCT 30 P3:35

## COMPLAINT

**NOW COMES** Plaintiffs Huffmaster Crisis Response L.L.C. and Alternative Workforce, Inc., by their attorneys, COX, HODGMAN & GIARMARCO, P.C., and complain of Defendant as follows:

    1.     Plaintiff Huffmaster Crisis Response L.L.C. ("Huffmaster") is a Michigan limited liability company with its principal offices in Troy, Michigan.

    2.     Plaintiff Alternative Workforce, Inc. ("AWF") is an Ohio corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED

which is qualified to do business in Michigan.

3. Defendant is a foreign corporation with offices in West Springfield, Massachusetts.

4. This Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## COUNT I

## BREACH OF CONTRACT- HUFFMASTER

5. Plaintiffs incorporate the above paragraphs by reference.

6. On or about June 20, 2000, Huffmaster entered into a written contract with Defendant where Huffmaster would provide, among other things, labor security services. A copy of the contract is attached as Exhibit A.

7. Huffmaster performed its obligations under the contract. However, on or about August 4, 2000 Defendant improperly terminated the contract.

8. Defendant has refused to pay Huffmaster as required under the terms of the contract.

9. As a direct and proximate result of Defendant's breach of the contract, Huffmaster has suffered damages.

**WHEREFORE**, Plaintiff Huffmaster requests that this Court enter judgment in its favor and against Defendant in an amount determined to be appropriate, together with costs, interest and attorney fees.

2

## COUNT II

## BREACH OF CONTRACT- AWF

10. Plaintiff AWF incorporates the above paragraphs by reference.

11. AWF entered into a written contract with Defendant to provide, among other things, temporary replacement workers. A copy of the contract is attached as Exhibit B.

12. AWF performed its contractual obligations. However, on or about August 4, 2000, Defendant improperly terminated the contract.

13. Defendant has refused to pay AWF as required under the terms of the contract.

14. As a direct and proximate result of Defendant's breach of the contract, AWF has suffered damages.

**WHEREFORE**, Plaintiff AWF requests that this Court enter judgment in its favor and against Defendant in an amount determined to be appropriate, together with costs, interest and attorney fees.

COX, HODGMAN & GIARMARCO, P.C.

By: *[signature]*
**WILLIAM H. HORTON** (P31567)
Attorney for Plaintiffs
Fifth Floor Columbia Center
201 W. Big Beaver Road
Troy, Michigan 48084-4160
☎(248) 528-2200

Dated: October 28, 2000

3